This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TSUTA NEWTON and**
**JERRY NEWTON,**

    Plaintiffs-Appellants,

v.                             **NO. 33,429**

**WILLIAM STUART NEWTON, NILA**
**NEWTON and FARMERS INSURANCE**
**GROUP,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellants

Acosta, Anderson, Obrey-Espinoza
Lynne M. Brooks
Las Cruces, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiffs Tsuta and Jerry Newton (Appellants) appeal from the district court's order dismissing their case with prejudice for lack of jurisdiction. This Court's first notice of proposed disposition proposed to affirm. Appellants filed a memorandum in opposition to the proposed disposition. We are not persuaded by Appellants' arguments and affirm the district court.

{2}     Appellants argue that to establish personal jurisdiction, case law does not require application of the specific requirements of the long arm statute. [MIO 2] Appellants rely on this statement in *Zavala v. El Paso County Hospital District*, 2007-NMCA-149, ¶ 10, 143 N.M. 36, 172 P.3d 173: "Although our long-arm statute enumerates acts that may subject non-resident defendants to personal jurisdiction in New Mexico, the necessity of a technical determination of whether a defendant committed such an act has been removed." Appellants argue that they established general jurisdiction over William Stuart Newton, Nila Newton, and Farmers Insurance Group (Appellees) by presenting evidence of their continuous contacts with New Mexico. [DS 4]

{3}     To gain personal jurisdiction over non-residents, there is a three-part test: "(1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient

to satisfy due process must be established by the defendant's act." *Santa Fe Techs., Inc., v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 13, 131 N.M. 772, 42 P.3d 1221(internal quotation marks and citation omitted). We recognize that "[t]he first and third step of this test have been repeatedly equated with the due process standard of minimum contacts," which obviates the need of a technical determination of whether the non-resident committed an act expressly enumerated by the long-arm statute. *Id.* (internal quotation marks and citation omitted). However, the due process of minimum contacts test applies to defendants over which jurisdiction can be obtained because of their transaction of business in the state.

{4}     That three-part test is consistent with the long arm statute, NMSA 1978, Section 38-1-16(A)(1), (3) (1971), which provides that jurisdiction can be obtained over an out-of-state defendant through their transaction of any business within the state **or** the commission of a tortious act within the state. This case does not involve an injury resulting from Appellees' transaction of business in the state. *See FDIC v. Hiatt*, 1994-NMSC-044, ¶ 10, 117 N.M. 461, 872 P.2d 879 (stating that whether a defendant purposefully availed itself of the privilege of conducting business within this state involves determination of whether the activity in question amounts to a purposeful decision by defendant to participate in forum state and avail itself of the benefits and protections of New Mexico law). Therefore, to gain jurisdiction over Appellees,

Appellants must prove the commission of a tortious act within the state. *See* § 38-l-l6(A)(3).

{5} The asserted tortious act resulting in Appellants' injuries occurred in Texas. This Court's first notice proposed to affirm on that basis. Appellant did not point out any error in fact or law with that proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Appellants continue to argue that minimum contacts were established. However, typically, where the plaintiff has not alleged an event in New Mexico, so as to subject the defendant to Section 38-1-16, we need not inquire whether the exercise of personal jurisdiction over the defendant is consistent with due process requirements. *Cronin v. Sierra Medical Center*, 2000-NMCA-082, ¶ 10, 129 N.M. 521, 10 P.3d 845. The requirement that an event occur in New Mexico is a threshold requirement. *Id.* ¶¶ 11, 12. Because the injury occurred in Texas, Appellees' minimum contacts with the state are immaterial under these circumstances.

{6} For these reasons, and those stated in the first calendar notice, we affirm.

{7} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**